**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| HOWARD RAY TRAPP, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-90-JMS-DKL |
| | ) | |
| JOHN C. OLIVER, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The plaintiff's request to proceed *in forma pauperis* [2] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

2.  The plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h). Accordingly, his complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id. See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

3.  The plaintiff complains of inadequate medical care. His claim is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971).

    a.  Pursuant to the statute cited above, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

      b.      The claim against Warden Oliver lacks required plausibility because there is no claim that this defendant personally refused or impeded any necessary medical care for the plaintiff and to be liable for a constitutional violation, an individual must have personally participated in the conduct. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 1948.

      c.      No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

      4.      Claims against Dr. William Wilson, M.D., Dr. Paul Harvey, M.D., and Dr. Thomas Bailey, M.D. ("the remaining defendants") will proceed. The clerk shall issue process to these defendants. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens,* **personal service is required.**

      5.      The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, and a copy of this Entry, on the remaining defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) and 4(i)(3), at the expense of the United States.

      6.      The plaintiff's motions for a preliminary injunction [3, 5, 6] are denied. The court has not acquired *in personam* jurisdiction over the remaining defendants. Additionally, a preliminary injunction involving conditions of confinement at a prison must be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The motions for a preliminary injunction seek relief of such scope that it is highly unlikely this statutory command could be satisfied.

      **IT IS SO ORDERED.**

Date:   06/27/2012

                                            Hon. Jane Magnus-Stinson, Judge
                                            United States District Court
                                            Southern District of Indiana