UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HOWARD RAY TRAPP, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:12-cv-90-JMS-DKL |
| ) | |
| DR. WILLIAM WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Howard Ray Trapp, Jr. brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971) alleging that the defendants exhibited deliberate indifference to his serious medical needs. Arguing that Trapp failed to exhaust his available administrative remedies, the defendants move for summary judgment. Trapp has not responded.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P*. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* In evaluating a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Trapp has not responded to the defendants' motion for summary judgment. The consequence of these circumstances is that he has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

## II. Discussion

A. *Undisputed Facts*

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light reasonably most favorable to Trapp as the non-moving party with respect to the motion for summary judgment.

Trapp is a federal inmate formerly housed at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute").1 He alleges in this case that the defendants were deliberately indifferent to his serious medical needs. The Federal Bureau of Prisons ("BOP") has promulgated an administrative remedy system applicable to Trapp's claims. The administrative remedy procedures require grievances to be filed first to institution staff with an informal resolution form (BP-8), then to the Warden at the institution (BP-9), then at the Regional Office (BP-10). The final stage of the administrative remedy process would be an appeal to the General Counsel's Office (BP-11).

Trapp filed his BP-8 at FCC Terre Haute regarding the claims relevant to this law suit on March 23, 2012. On April 5, 2012, Trapp filed a BP-9 dated March 26, 2012. That request was assigned as Administrative Remedy # 682810-F1. Administrative Remedy # 682810-F1 complained about the Health Care Administrator and medical staff at FCC Terre Haute using

---

1 Trapp is now housed at the MCFP Springfield. The **clerk shall** amend the docket to reflect Trapp's address as identified in the distribution of this Entry.

Trapp's past mental health issues in a discriminatory manner against Trapp which adversely impacted his medical care at FCC Terre Haute. On April 20, 2012, the Warden denied the remedy request with a detailed explanation. Trapp commenced this law suit on April 12, 2012. On May 7, 2012, Trapp filed an appeal of the denial of Administrative Remedy # 682810-F1, with the Regional Director (BP-10), it was assigned Remedy # 682810-R1, and denied by the Regional Director on May 10, 2012. Trapp did not appeal the denial of his BP-10 to the General Counsel's Office.

Trapp asserts in his complaint that he exhausted his administrative remedies by filing Administrative Remedy # 638430-A1. Administrative Remedy # 638430-A1 related to medical care and providers at the United States Medical Center for Federal Prisoners at Springfield, Missouri (hereafter "USMCFP Springfield"). The issues raised in Administrative Remedy # 638430-A1 were solely related to Trapp's dissatisfaction with the medical staff and medical care provided to him at that location. Administrative Remedy 638430-A1 was dated June 26, 2011, approximately 10 months before Trapp was transferred to FCC Terre Haute. Administrative Remedy 638430-A1 had nothing to do with medical care at FCC Terre Haute or the defendants named in this case.

B. *Analysis*

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Based on the undisputed facts, Trapp failed to exhaust his available administrative remedies. It is undisputed that with respect to his medical care at FCC Terre Haute, Trapp filed Administrative Remedy # 682810-F1 on April 5, 2012. Trapp then filed this lawsuit on April 12, 2012. His Remedy request was denied by the Warden on April 20, 2012. He then filed an appeal of the denial of Administrative Remedy # 682810-F1, and that appeal was received on May 7, 2012, by the Regional Director. The Regional Director denied the appeal on May 10, 2012. Trapp did not file an appeal of the Regional Director's denial. In other words, Trapp failed to exhaust his administrative remedies in two ways: (1) by filing this lawsuit before the administrative remedy process was completed, and (2) by failing to complete fully the administrative remedy process by filing an appeal to the General Counsel's Office.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Trapp's claims should not have been brought and must now be dismissed without prejudice. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendants' motion for summary judgment [dkt. 18] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/15/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

HOWARD RAY TRAPP, JR.
15668-076
MCFP Springfield
Medical Center/Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

Electronically Registered Counsel